IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| THOMAS P. HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-0046 |
| | ) | Judge Nixon |
| JO ANNE BARNHART, | ) | Magistrate Judge Bryant |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Administrative Record ("Motion") (Doc. No. 15), filed with a supporting brief (Doc. No. 16). Defendant ("Defendant" or "Commissioner") filed a Response in Opposition to Plaintiff's Motion. (Doc. No. 22). Plaintiff subsequently filed a Reply brief in support of his position. (Doc. No. 23). Magistrate Judge Bryant ("Magistrate Judge") issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion be denied and that the decision of the Commissioner be affirmed. (Doc. No. 24). Plaintiff timely filed Objections to the Magistrate Judge's Report ("Objections") (Doc. No. 25). Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **DENIES** Plaintiff's Motion for Judgment on the Administrative Record

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as Defendant in the above-captioned case, and no further action is necessary to continue this case.

-1-

# I. BACKGROUND

## A. Procedural Background

Plaintiff filed his application for Disability Insurance Benefits ("DIB") on April 16, 2003, alleging that he had been disabled since February 21, 2002 due to lower back impairment (Record ("TR") 15, 58). Plaintiff's application was denied both initially (TR 33-35) and upon reconsideration (TR 40-41) under agency review. Plaintiff subsequently requested and received a *de novo* hearing before an Administrative Law Judge ("ALJ"), held on March 1, 2005. (TR 392-420). Plaintiff was represented by counsel at the hearing, and testimony was received from both Plaintiff and Vocational Expert Katharine Bradford ("VE Bradford") (TR 392-419).

On November 23, 2005, the ALJ issued a written decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations ("the Act") (TR 14-22). The following findings of fact were articulated in the ALJ's decision:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of the decision
2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability
3. The claimant's lower back pain/strain is considered "severe" based on the requirements in Regulation 20 CFR § 404.1520(c). The claimant's depression is not considered "severe" within the meaning of the Regulations.
4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
5. The claimant's statements concerning his impairment and its impact on his ability to work is not entirely credible in light of the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the

reports of the treating and examining practitioners, the medical history, the findings made on examination, and the claimant's assertions concerning his ability to work.

6. The claimant has the following residual functional capacity: perform light work; with the option to sit or stand and to avoid frequent bending, stooping, climbing, and crawling.
7. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).
8. The claimant is an "individual closely approaching advanced age" (20 CFR § 404.1563).
9. The claimant has a "high school (or high school equivalent) education" (20 CFR § 404.1564).
10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568).
11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).
12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.14 as a framework for decision making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as a parking lot attendant, of which there are 500 jobs in the State of TN and 42,250 nationwide; ticket taker, of which there are 500 such jobs in the State of TN and 27,000 nationwide; cashier, of which there are 1,500 such jobs in the State of TN and 77,000 nationwide; at the sedentary level: as a general office clerk, of which there are 2,000 such jobs in the State of TN and 110,000 nationwide; production worker, of which there are 950 such jobs in the State of TN and 34,000 nationwide; and a small products assembler, of which there are 1,000 such jobs in the State of TN and 61,000 nationwide.
13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

(TR 21-22).

On April 7, 2005, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (TR 7-9), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was timely filed and the Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Case 2:06-cv-00046  Document 26  Filed 07/16/08  Page 3 of 16 PageID #: 117

This case was referred to Magistrate Judge Bryant for consideration. Plaintiff filed a Motion for Judgment on the Administrative Record seeking reversal of the Commissioner's decision denying benefits, or in the alternative, remand pursuant to sentence four (4) of 42 U.S.C. § 405(g). (Doc. No. 15). Specifically, Plaintiff argued that the Administrative Law Judge erred (1) in failing to apply the treating physician doctrine when assessing Plaintiff's exertional impairments, and (2) in evaluating Plaintiff's subjective complaints of pain. (Doc. No. 16 at 10-11). The Commissioner filed a Response in opposition to Plaintiff's Motion (Doc. No. 22), arguing that the "Commissioner's determination that the Plaintiff was not disabled within the meaning of the Social Security Act is consistent with the Commissioner's regulations and the case law, and supported by substantial evidence in the administrative record." (Doc. No. 22 at 17). On December 3, 2007, the Magistrate Judge recommended that Plaintiff's Motion be denied and the findings of the Commissioner be affirmed. (Doc. No. 24) Plaintiff now asserts two (2) Objections to the Magistrate Judge's findings. (Doc. No. 25). Specifically, Plaintiff argues that the Magistrate erred in finding (1) that the ALJ properly rejected the opinion, diagnosis, and treatment of Plaintiff's treating physician, and (2) that the ALJ properly evaluated Plaintiff's subjective complaints of pain. (Id.).

### B. Factual Background

Plaintiff's relevant medical history is accurately summarized in section II of the Magistrate Judge's Report, and the Court adopts the section herein. (Doc. No. 24 at 4-12).

## II. STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to the record made in the

-4-

administrative hearing process. Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1369 (6th Cir. 1991). The Court reviews *de novo* that part of the Report to which Plaintiff objects. 28 U.S.C. § 636(b). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

The reviewing court cannot disturb the Commissioner's findings and inferences if supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Commissioner must stand if substantial evidence supports the conclusion reached. Her, 203 F.3d at 389 (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). Hence, in determining whether to affirm the Commissioner's decision, it is not necessary that the Court agree with the Commissioner's findings. However, if the Commissioner did not consider the record as a whole, the Commissioner's conclusion is undermined. Hurst v. Sec'y of Health & Human Servs., 753 F.2d 517, 519 (6th Cir. 1985) (citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980)).

Finding "legal errors" requires the Court to determine whether the Commissioner applied

-5-

the correct legal standards to the evaluation. See Preslar v. Sec'y of Health & Human Servs., 14 F.3d 1107, 1113 (6th Cir. 1994). Generally, the Commissioner's interpretation of the law, whether reached by rule making or by adjudication, is entitled to deference and reviewed only to determine its reasonableness and consistency with the statute. Whiteside v. Sec'y of Health & Human Servs., 834 F.2d 1289, 1292 (6th Cir. 1987). That deference, however, does not diminish the significance of judicial review. Univ. of Cincinnati v. Sec'y of Health & Human Servs., 809 F.2d 307, 310 (6th Cir. 1987).

## III. PROCEEDINGS AT THE ADMINISTRATIVE LEVEL

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" is considered to be any previous work performed by the claimant, as well as any other relevant work that exists in the national economy in significant numbers, regardless of whether such work exists in the immediate area in which claimant lives, whether a specific job vacancy exists, or whether claimant would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

1. If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
2. If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

-6-

3. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
4. If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
5. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920; see also Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be carried by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. See Moon, 923 F.2d at 1181. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the to the disability determination. (Id.) In the event that the grids do not direct a conclusion, Vocational Expert testimony may be used to show particularized proof of the claimant's individual vocational qualifications to perform specific jobs. See Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987). The VE's testimony may be in response to a "hypothetical" question, but only "if the question accurately portrays [claimant's]

individual physical and mental impairments." Varley, 820 F.2d at 779 (citing Podedworny v. Harris, 745 F.2d 210, 218 (3rd Cir. 1984)).

In determining the claimant's Residual Functional Capacity ("RFC") for purposes of the analysis required at stages four (4) and five (5) above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and non-severe. See 42 U.S.C. § 423(d)(2)(B); Foster v. Bowen, 853 F.2d 483, 490 (6th Cir. 1988).

## IV. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

### A. Plaintiff Objects to the Magistrate Judge's Conclusion that the ALJ Properly Rejected the Opinion of Plaintiff's Treating Physician Dr. Douglas Carpenter.

Treating physician Dr. Douglas Carpenter ("Dr. Carpenter") opined that Plaintiff was unable to work due to pain and weakness from herniated discs in the back (TR 302), an opinion which the ALJ declined to afford controlling weight in determining Plaintiff's RFC (TR 19). Plaintiff essentially argues that the ALJ failed to properly evaluate the medical evidence regarding the effect of Plaintiff's back pain on his ability to work. (See Doc. No. 25). Specifically, Plaintiff asserts that (1) the medical source opinions relied on by the ALJ were insufficient to reject Dr. Carpenter's opinion as a treating source, (2) the ALJ ignored the medical opinion of Dr. Walter W. Wheelhouse ("Dr. Wheelhouse") which supported Dr. Carpenter's assessment, and (3) the ALJ failed to give "good reasons" for the weight given to Dr. Carpenter. (Doc. No. 25). The Court finds Plaintiff's arguments unavailing.

### 1. Dr. Carpenter's Opinion

The ALJ assigned less weight to the opinion of Plaintiff's treating physician, Dr. Carpenter, than to the assessments of the examining specialists with whom Dr. Carpenter consulted, Dr. Joseph A. Jetus ("Dr. Jetus") and Dr. Timothy Schoettle ("Dr. Schoettle"). (TR. 17-19). Plaintiff notes in his Objections that Drs. Jetus and Schottle only examined Plaintiff once, and argues that Dr. Carpenter's treating source opinion was entitled to weight substantially greater than the opinions of physicians who only saw Plaintiff on one occasion.[2] (Doc. No. 25).

Generally, treating source medical opinions are presumptively due significant deference because of their familiarity with the claimant and the longitudinal view of the claimant's impairments which the treatment relationship affords. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007); Walker v. Sec'y of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir. 1992). The Court notes, however, that an ALJ owes no blind deference to the medical opinion of a treating physician that is not supported by sufficient medical data. See 20 C.F.R. § 404.1527(d)(2). Nor is the ALJ required to give controlling weight to the opinion of a treating source on matters that are reserved to the Commissioner as administrative findings. See 20 C.F.R. § 416.927(e); Shelman v. Sec'y of Health and Human Servs., 821 F.2d 316, 321 (6th Cir. 1987). As such, Dr. Carpenter's opinion as to Plaintiff's inability to work is not considered a medical opinion, but rather a legal conclusion reserved to the Commissioner, and not regarded any special significance based on source. 20 C.F.R. § 416.927(e).

---

[2] Plaintiff cites Harris v. Heckler, 756 F.2d 431 (6th Cir. 1985) in support of the proposition that Dr. Carpenter's opinion was due substantially greater weight than those opinions based on the medical findings of physicians who saw Plaintiff only once. However, Plaintiff misquotes Harris in his Objections, and hence his reliance is misplaced. The Court reads Harris to hold that slight discrepancies among the objective medical evidence should not preclude controlling weight where the treating source has a unique longitudinal view of a claimant's condition. Harris, 756 F.2d at 435.

Plaintiff's position – that one-time examiners' opinions were insufficient to reject Dr. Carpenter's opinion – is unconvincing. There is no outright prohibition against weighting the opinion of a one-time consulting source over the opinion of a treating source when the treating source opinion is not consistent with substantial evidence in the record.[3] See, e.g., Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 652 (6th Cir. 2006); Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993); Young v. Sec'y of Health & Human Servs., 925 F.2d 146, 150 (6th Cir. 1990). In the instant case, Dr. Carpenter's cursory opinion that Plaintiff is unable to work due to back pain from herniated discs is not merely a slight deviation from the objective medical evidence obtained by Plaintiff's examining neurologists, all of whom opined that there was no significant neurological abnormality. (See, e.g., TR 235 (Dr. Joseph A. Jetus), 287 (Dr. Timothy Schoettle), 373-77 (Dr. Thuy T. Ngo)). Despite Plaintiff's argument, Dr. Carpenter's opinion sorely lacks any significant clinical or laboratory corroboration that would call the ALJ's decision into question.

Where, as here, the treating source's opinion is substantially unsupported by the medical findings, the ALJ may rely on contrary consulting source opinions that are supported by the objective medical evidence. Young, 925 F.2d at 150; see also Sullenger v. Comm'r of Soc. Sec., 255 F. App'x 988, 994-95 (6th Cir. 2007). The consulting doctors' opinions, supported by the largely benign physical examination findings they recorded, are plainly sufficient to support the

---

[3] The Court is not persuaded by Defendant's argument that Drs. Jetus and Schottle should be regarded as Plaintiff's treating sources. Generally, a physician who only sees a claimant on just one occasion for treatment purposes is not a "treating physician." Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 876 (6th Cir. 2007). In the instant case, Drs. Jetus and Schottle fall short of the "treating source" definition in 20 C.F.R. § 404.1502, as they did not have the necessary "ongoing treatment relationship . . . with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [Plaintiff's] medical condition(s)." 20 C.F.R. § 404.1502.

ALJ's decision to discount Dr. Carpenter's opinion as to Plaintiff's inability to work. Thus, the ALJ did not err.

### 2. Dr. Wheelhouse's Opinion

Plaintiff next argues that the ALJ completely ignored the opinion of Dr. Wheelhouse, whose assessment was largely consistent with Dr. Carpenter's. (Doc. No. 25) Dr. Wheelhouse saw Plaintiff two (2) weeks prior to the administrative hearing at the behest of Plaintiff's attorney. Dr. Wheelhouse reviewed the medical evidence, performed his own physical examination, and assessed Plaintiff with restrictions against repetitive bending, stooping, twisting, turning, lifting more than 10 pounds, prolonged standing or walking, and sitting more than 20 minutes. (TR 378-82). Dr. Wheelhouse's opinion is not explicitly referenced in the ALJ's opinion, which leads Plaintiff to cite Estes v. Harris, 512 F. Supp. 1106, 1113 (6th Cir. 1981), for the proposition that the Commissioner's decision to deny benefits should be set aside because the ALJ failed to consider Dr. Wheelhouse's assessment of Plaintiff's condition – one favorable to Plaintiff's case for DIB. (Doc. No. 25) In Estes, the Sixth Circuit noted that, even though not binding on the Commissioner, the ALJ cannot ignore expert medical opinion, and if such opinion is not controverted by substantial evidence to the contrary, the ALJ's decision adverse to such expert medical opinion must be set aside. See Estes, 512 F. Supp. at 113 (internal citations omitted). The Court finds Plaintiff's analogy to Estes to be unpersuasive, as Estes is clearly distinguishable on the facts from the case at bar.

In Estes, the ALJ totally disregarded the opinions of the plaintiff's treating physicians, who stated on many occasions that the plaintiff was disabled and could not perform substantial gainful employment. Instead, the ALJ relied only on the opinion of a government hired medical

-11-

advisor who never examined the plaintiff. Estes, 512 F. Supp. at 1113. Unlike in Estes, here the ALJ relied on clinically supported medical opinions, consistent with the Record as a whole. Additionally, it is not entirely clear that the ALJ ignored the opinion of Dr. Wheelhouse. To the contrary, in parting ways with the government hired examiner's opinion, the ALJ noted that "more recent evidence . . . reduces the claimant's residual functional capacity." (TR 18) The "more recent evidence" referenced can reasonably be viewed to include Dr. Wheelhouse's opinion. In any event, Dr. Wheelhouse's opinion was controverted by substantial evidence to the contrary (see, e.g., TR 235 (Dr. Joseph A. Jetus), 287 (Dr. Timothy Schoettle), 373-77 (Dr. Thuy T. Ngo), and thus Estes has no bearing on the instant action.

The Court finds that the ALJ's assessment of Plaintiff's RFC is supported by the substantial evidence in the record. Even if Dr. Wheelhouse is not explicitly discussed in the ALJ's written decision, the alleged failure to consider Dr. Wheelhouse's opinion is not readily apparent. Plaintiff's argument fails.

### 3. Good Reasons

Plaintiff's final argument of his first objection – that the ALJ failed to provide "good reasons" for rejecting Dr. Carpenter's treating source opinion – is unpersuasive. It is well established that an ALJ must set forth reasons for the weight assigned to a treating physician's opinion. See, e.g., Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 545-46 (6th Cir. 2004). In this case, the ALJ's reasoning was sound and articulated:

> The Administrative Law Judge considered Dr. D. Carpenter's opinion that the claimant can't work due to a "herniated" disc. However, the clinical and objective evidence fails to reveal herniation, radicular pain, etc. The opinion

-12-

of the neurological surgeons is accorded more weight. They found mild
abnormalities. In addition, the final responsibility for determining that a
claimant meets the definition of disability is reserved to the Social Security
Administration. Therefore, the opinion of Dr. Carpenter is not being given
controlling weight.

(TR 19).

This explanation from the ALJ, standing alone and when read in context of the entire written opinion, plainly satisfies the "good reasons" requirement. The requirement is intended to allow claimants to understand the disposition of their case and permits meaningful review of the ALJ's application of the "treating source rule." Wilson, 378 F.3d at 544-45. The ALJ's opinion does both. Plaintiff's argument fails.

### B. Plaintiff Objects to the Magistrate Judge's Conclusion that the ALJ Properly Evaluated Plaintiff's Subjective Complaints of Pain.

Plaintiff objects to the ALJ's evaluation of the evidence, arguing that (1) the record is replete with observations of Plaintiff's disabling pain, and (2) that the ALJ improperly relied on Plaintiff's daily activities to understate the severity of his condition. (Doc. No. 25). The ALJ's credibility determinations are entitled to great deference if supported by substantial evidence. See Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 536 (6th Cir. 2001); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 230 (6th Cir. 1990); Williamson v. Sec'y of Health & Human Servs., 796 F.2d 146, 150 (6th Cir. 1986). The Court finds that the ALJ's determination is supported by substantial evidence.

In evaluating Plaintiff's subjective complaints of disabling pain pursuant to 20 C.F.R. § 404.1529, the ALJ reviewed the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documented reports, the reports of the treating and examining medical sources, medical history, findings made on examination, and

Plaintiff's assertions concerning his ability to work. (TR 18) Based on this record, the ALJ found that Plaintiff's statements concerning his impairment and its impact on his ability to work were not entirely credible, noting that the "evidence of record is demonstrative of no impairment based on objective medical findings, which could reasonably be expected to produce the degree of symptomatically alleged" pain. (Id.) Even still, as the Magistrate Judge's Report points out, the ALJ did not entirely discredit Plaintiff's subjective complaints of pain. (Doc. No. 24 at 20-21). The ALJ qualified Plaintiff's RFC assessment for a range of light work by giving Plaintiff the option to sit or stand and to avoid frequent bending, stooping, climbing, or crawling.

Regarding Plaintiff's argument that the record is replete with evidence of Plaintiff's disabling pain, Plaintiff cites the medical opinions of Dr. Stephen M. Chung ("Dr. Chung") and Dr. James Millis ("Dr. Millis"). (Id.) Dr. Millis described Plaintiff's subjective complaints as credible, and opined that pain was a significant limiting factor in Plaintiff's disability. (TR 274) It is significant, however, that Dr. Millis offered an RFC assessment less generous to Plaintiff than the ALJ's. (cf. TR 19 (ALJ's RFC of light work lifting restrictions) with 273 (Dr. Millis' RFC with medium work lifting restrictions)). If anything, Dr. Millis' opinion helps supply substantial evidence to support the ALJ's decision to deny benefits based on Plaintiff's ability to perform light work. As for Dr. Chung, his only mention of Plaintiff's pain is in the notation that Plaintiff could not fully relax during his examination due to pain. (TR 301). Because Dr. Chung's statement relied solely on Plaintiff's self-reported discomfort, and given Plaintiff's documented history of unconscious exaggeration of his symptoms (see, e.g., TR 18, 254-71), the ALJ could have reasonably deemed Dr. Chung's observation of diminished significance.

-14-

Case 2:06-cv-00046 Document 26 Filed 07/16/08 Page 14 of 16 PageID #: 128

Regardless, Plaintiff's cited medical opinions are unable to convince the Court that the Record is "replete with observations of Plaintiff's disabling pain." (Doc. No. 25)

Next, Plaintiff takes issue with the ALJ's consideration of Plaintiff's daily activities. The ALJ noted that Plaintiff was able to perform some household chores and occasionally drive his car (TR 18), however, Plaintiff alleges that it is only through a high level of interfering pain that he can perform the simple functions identified by the ALJ. (Doc. No. 25). Plaintiff then cites Walston v. Gardner, 381 F.2d 580 (6th Cir. 1967), for the proposition that his ability to perform simple functions does not indicate that he can engage in substantial gainful activity as they are intermittent and done in spite of the pain suffered. 381 F.2d at 586. Plaintiff's reliance is again misplaced. Although the plaintiff in Walston similarly testified that he suffered intense pain with movement, there, that testimony was confirmed by every doctor who examined him. Id. Under those circumstances, the Sixth Circuit found it inappropriate to regard the plaintiff's activities as somehow contradictory, as they were clearly done in spite of the pain. Id. In this case, Plaintiff's subjective complaints do not have the unanimous – or even significant – endorsement of the examining medical examiners. Quite apart from Walston, here the subjective complaints were deemed questionable in light of, not in *spite* of, the objective medical evidence. Here, the ALJ's credibility assessment was based on Plaintiff's documented symptom exaggeration and the lack of significant objective medical evidence that would tend to support the level of pain alleged. (TR 18-19) The Court finds the ALJ's credibility assessment to be supported by substantial evidence in the record, as is the evaluation of the extent to which Plaintiff's symptoms limit his capacity to work pursuant to 20 C.F.R. § 404.1529. The Court finds no merit to Plaintiff's Objections.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Judgment on the Administrative Record. This Order terminates this Court's jurisdiction over the matter.

It is so ORDERED

Entered this the 15 day of July, 2008

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT